# United States District Court
# District of Massachusetts

VINCENT FERLISI,
    Plaintiff,

v.                           CIVIL ACTION NO. 10-10821-RBC

SCOTT D. GALVIN (individually and
in his official capacity as Mayor of the
City of Woburn),
    Defendant.

## *MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (#12)*

COLLINGS, U.S.M.J.

### *I. Introduction*

Vincent Ferlisi ("Ferlisi") filed a civil action in Middlesex Superior Court against Scott D. Galvin ("Galvin") individually and in his official capacity as Mayor of the City of Woburn. In addition to state law tort claims, Ferlisi asserted federal constitutional violations stemming from his dismissal as

Superintendent of Public Works for the City of Woburn, Massachusetts. On May 18, 2010, the case was removed to the United States District Court of Massachusetts (#1).[1]

On September 3, 2010, Galvin filed a Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), (#12), along with a Memorandum of Law in Support (#13). On September 30, 2010, Ferlisi filed his Motion in Opposition to Defendant's Motion for Judgment on the Pleadings (#16), along with a memorandum of law (#17) and exhibits. The motion is poised for disposition.

## II. Factual Background

On December 3, 2007, then-acting Mayor of the City of Woburn, Thomas McLaughlin ("McLaughlin"), notified the Civil Service Commission that he had made a provisional appointment of Ferlisi to the position of Superintendent of Public Works for the City of Woburn. (#1, Complaint ¶ 12) Included with the notification was a requisition form which indicated in the section marked "Status Type" that the position was "permanent," and in the "Employment Type" section that it was "full time." (#1, Complaint, ¶ 12, Exh. C) The

---

[1] With the parties' consent, this case has been reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. §636(c). (*See* # 9)

requisition form also requested a civil service examination be administered, though no such examination was administered during Ferlisi's tenure. (#1, Complaint ¶¶ 12, 13) Per Massachusetts state law, the position of Superintendent of Public Works for the City of Woburn is a civil service position subject to the civil service laws and rules. (#1, Complaint ¶ 6) Ferlisi claims he enjoyed full time, permanent employee status in that position pursuant to the Municipal Code of the City of Woburn. (#1, Complaint ¶¶ 14, 16)

Prior to leaving office, McLaughlin sent Ferlisi a letter commending him for his job performance as Superintendent of Public Works. (#1, Complaint ¶ 15, Exh. D) McLaughlin had lost his reelection bid to Galvin, who was elected Mayor of Woburn in November of 2009. (#1, Complaint ¶ 17) Ferlisi alleges that Galvin publically criticized Ferlisi during the mayoral campaign as lacking experience, and further commented that his appointment was an "ultimate act of nepotism" by McLaughlin, though Galvin denies these allegations. (#1, Complaint ¶ 17; #4, Answer ¶ 17) Upon taking his position as newly-elected Mayor, Galvin terminated Ferlisi's employment for non-disciplinary reasons on January 6, 2010. (#1, Complaint ¶ 19, Exh. F) Though Galvin and Ferlisi disagree as to whether Ferlisi was entitled to a just cause hearing, it appears undisputed that no such hearing was conducted. (#1, Complaint ¶ 20; #4 ¶

20)

### III. Discussion

**A. Legal Standard**

Rule 12(c) allows a party to move for judgment on the pleadings once the pleadings are closed and when the motion will not delay trial. Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). In order to survive a motion under 12(c), the plaintiff's complaint must allege sufficient facts to "'raise a right to relief above the speculative level'" based upon an assumption that the allegations contained in the complaint are true. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A court should view the facts contained in the pleadings in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *Id.* In addition to the facts contained within the pleadings, the court may also consider documents fairly incorporated in the pleadings and facts that are susceptible to judicial notice. *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) (citation omitted).

**B. Federal Constitutional Claims pursuant to 42 U.S.C. § 1983**

"Section 1983 is a vehicle through which individuals may sue certain persons for depriving them of federally assured rights . . . . A claim under § 1983 has two essential elements: the defendant must have acted under color of state law, and his or her conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law." *Gagliardi v. Sullivan*, 513 F.3d 301, 306 (1st Cir. 2008) (internal quotation marks and citations omitted).

In Count I, Ferlisi claims that his dismissal as Superintendent deprived him of rights secured to him by the federal constitution, *viz.*, his procedural due process rights, his right to the protection of one's reputation, and his right of free association. Because Galvin was able to dismiss Ferlisi solely by virtue of his position as Mayor of the City of Woburn, the dismissal itself was taken under color of state law for purposes of § 1983. The inquiry here focuses largely on the underlying constitutional claims, which will be discussed in turn.

1. *Deprivation of Procedural Due Process*

In order for an employee to succeed on a procedural due process challenge to his termination, that employee must first establish that he had "a property right in continued employment." *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 538 (1985) (footnote omitted). Absent such a property right, a

procedural due process claim must fail because no process would legally be due prior to altering the plaintiff's employment status. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578 (1972). "In order to maintain a constitutional due process claim arising out of the termination of his employment, a public employee must first demonstrate that he has a reasonable expectation, arising out of a statute, policy, rule or contract, that he will continue to be employed." *Wojcik v. Mass. State Lottery Com'n*, 300 F.3d 92, 101 (1st Cir. 2002) (citing *Perkins v. Bd. of Directors of School Administrative District No. 13*, 686 F.2d 49, 51 (1st Cir. 1982)); *see also Torres-Rosado v. Rotger-Sabat*, 335 F.3d 1, 9 (1st Cir. 2003) (federal courts refer to state law "for guidance in defining [constitutionally protected property] interests"). The First Circuit "consistently has held that an employee who under state law can be terminated only for 'just cause' has a constitutionally protected property interest in his employment." *Whalen v. Mass. Trial Ct.*, 397 F.3d 19, 24 (1st Cir.), *cert. denied*, 546 U.S. 872 (2005). Essentially, the key factor in determining the existence of a property right in continued employment is whether the employee has job security. *Bennett v. City of Boston, et al.*, 869 F.2d 19, 21 (1st Cir. 1989).

Ferlisi claims he had a property interest in his continued employment as Superintendent of Public Works of the City of Woburn. He grounds this claim in certain provisions of the Municipal Code of the City of Woburn[2] ("the municipal code"). More specifically, he relies on a section of the municipal code that classifies the position of Superintendent of Public Works as "full time" (*see* #17, Exh. 1), and a separate section stating that "just cause" is required to demote or dismiss a "permanent" employee. (#17, Exh. 2) This latter section further provides that "the provisions of this section shall apply to all permanent employees provided any employee covered by Civil Service shall be subject to Civil Service rules governing suspension, demotion, and dismissal . . . ." Ferlisi's reliance on these provisions of the municipal code is misplaced for a number of reasons.

First, Ferlisi conflates the terms "full time" and "permanent" as used in the two separate sections in order to avail himself of the heightened job security the municipal code affords permanent employees. The terms are not interchangeable. For example, a seasonal employee may work full time hours,

---

[2] Ferlisi is unable to ground his property interest in the Massachusetts civil service statutes because, as will be discussed below, it clearly does not vest provisional employees with such an interest. He attempts to avoid this outcome by relying instead on the municipal code.

yet he or she is not a permanent employee able to claim a property interest in continued employment. Nor is an at-will employee who works full time a permanent employee who possesses a property interest in continued employment. *See e.g., Cummings v. South Portland Housing Auth.*, 985 F.2d 1, 2 (1st Cir. 1993). Thus, the fact that the municipal code lists the Superintendent of Public Works under the heading of regular, full time employees has no import for the constitutional analysis.

Second, Ferlisi does not suggest that he was not a provisional employee[3] under the civil service statutes. The municipal code specifically provides that civil service rules govern civil service employees. Ferlisi attempts to avoid this provision by suggesting that the municipal code fills in where the civil service rules do not apply. According to Ferlisi, because the statutory sections governing provisional appointments do not address suspensions, demotions, or dismissals,[4] the municipal code fills in the omissions and controls on the issue

---

[3] A provisional employee is defined by Massachusetts state law as "a person who is employed in a civil service position, pursuant to and in accordance with sections twelve, thirteen, and fourteen." Mass. Gen. L. ch. 31 § 1 (1998). Ferlisi was appointed Superintendent of Public Works by former Mayor McLaughlin pursuant to 12, so he was a provisional employee.

[4] Ferlisi acknowledges that Mass. Gen. L. ch. 31 § 41 entitles a provisional employee "discharged as a result of allegations relative to his personal character or work performance" to a hearing upon written request when the reason for discharge will become part of his employment record. Ferlisi claims, however, that this section is inapplicable because his termination was not for one of the enumerated allegations, but was instead for no stated reason. In any event, the parties agree that this "name-clearing" provision is not

of whether he had an expectation of continued employment.

While the civil service statutes governing provisional appointments do not address suspension, demotion, or dismissal, see Mass. Gen. L. ch. 31 §§ 12-15, case law interpreting those statutes establishes the "Civil Service rules" to which the municipal code refers. The rule that proves fatal to Ferlisi's § 1983 claim is that a provisional employee does not have a property interest in continued employment. *See Dallas v. Commissioner of Public Health*, 1 Mass. App. Ct. 768, 771, 307 N.E.2d 589, 591 (1974) ("In the case of a provisional employee there is no tenure, no right of notice or hearing, no restriction of the power to discharge . . .") (internal quotations and citation omitted); *see also Bennett*, 869 F.2d at 22 (finding that a collective bargaining agreement did not transform plaintiff's provisional appointment into permanent employment).

Massachusetts courts have consistently held that the nature of "provisional" employment under the civil service statutes does not create an entitlement to employment sufficient to create a constitutional property interest. For example, in *City of Fall River v. AFSCME Council 93, Local 3177, AFL-CIO*, 61 Mass. App. Ct. 404, 810 N.E.2d 1259 (2004), a case on which Ferlisi relies,

---

relevant here. *Fontana v. Commissioner of Metropolitan Dist. Com'n*, 34 Mass. App. Ct. 63, 70, 606 N.E.2d 1343, 1347 (1993).

the question presented was whether a collective bargaining agreement (CBA) that provided that no provisional employee could be discharged "except for justifiable cause" created a material conflict with the civil service statutes governing provisional employees. *Id*. at 406, 810 N.E.2d at 1261. The Massachusetts Appeals Court concluded that it did not. The consequence of this conclusion, however, was simply that the CBA created an additional state-court right on which the employee could rely; the CBA did not alter the provisional status of the employment so as to give rise to a constitutionally protected interest. The Court observed:

> The difference between the statutory and the contractual standards for the discharge of a provisional employee (discharge must be 'justified' pursuant to § 41; for 'justifiable cause' under the CBA), is by no means clear. Given the uncertain status of provisional employees, who may be terminated at any time if eligible lists are prepared and a permanent employee is selected therefrom, neither the 'justified' or 'justifiable' standard establishes the traditional 'just cause' or 'for cause' dismissal requirement that creates a constitutional property interest. *See Smith v. Commissioner of Mental Retardation*, 409 Mass. 545, 549, 567 N.E.2d 924 (1991) (G.L. c. 31, § 41, rights of provisional employee with nine months' seniority 'merely conditions an employee's removal on compliance with certain specified procedures [and] does not establish a constitutionally protected property interest in position' [citation and quotation marks

> omitted]); *Rafferty v. Commissioner of Pub. Welfare*, 20 Mass. App. Ct. 718, 723, 482 N.E.2d 841 (1985) ('[t]here is no statutory requirement that a provisional employee cannot be removed without proof that the removal is for cause' under G.L. c. 31, § 41); *Bennett v. Boston*, 869 F.2d 19, 22 (1st 1989) (Breyer, J.) ('for cause' contractual rights for provisional employees do not create constitutional property rights due to special status of provisional employees under civil service laws).

*City of Fall River v. AFSCME Council 93, Local 3177, AFL-CIO*, 61 Mass. App. Ct. at 409 n.4, 810 N.E.2d at 1263 n.4.

In other words, even though the Massachusetts Appeals Court determined that the CBA in *Fall River* could confer on a provisional employee a "right not to be discharged without justifiable cause until eligibility lists are prepared," *id.* at 410, 810 N.E.2d at 1264, that right nevertheless did not give rise to a constitutionally protected right given the very nature of provisional employment. *Cf. also Rafferty*, 20 Mass. App. Ct. at 723, 482 N.E.2d at 845 (policy memorandum conferring certain disciplinary procedures on non-tenured employees did not afford "provisional" employee a constitutionally protected interest in further employment where "[t]here is no statutory requirement that a provisional employee cannot be removed without proof that the removal is for cause.") (citing Mass. Gen. L. ch. 31, §§ 14 & 41) (footnote omitted). Just so, in this case, if Ferlisi has any state-law rights arising out of the municipal code

(a point on which the Court expresses no view), they do not alter the nature of his provisional employment. *Cf. Bennett*, 869 F.2d at 21 ("the use of the words 'for cause' does not magically, or always, transform a job into protected property; the focus must remain upon the nature of the employee's legitimate expectation of continued entitlement to his or her job") (citing *Roth*, 408 U.S. at 577).[5]

Ferlisi cites *Patterson v. Tortolano*, 359 F. Supp.2d 13 (D. Mass. 2005), in support of his claim that he had a property interest in continued employment under the municipal code. There, the court found permanent firefighters had a protected property interest by virtue of the very municipal code on which Ferlisi relies in this case. *Id.* at 16. *Patterson* is not helpful to Ferlisi's case: unlike Ferlisi, the plaintiff firefighter in *Patterson was* a permanent employee per the Massachusetts civil service statutes. *Id.* at 16-17. The issue never arose in *Patterson* whether a *provisional* employee subject to the civil service statutes could invoke "permanent" status under the local ordinance in order to claim due

---

[5] In *Bennett*, 869 F.2d 19, the plaintiff appealed from the district court's grant of summary judgment for the defendant in a § 1983 action. *Id.* at 20. The district court grounded its decision on the fact that the plaintiff, a "provisional" employee who had been appointed for multiple consecutive three month terms, could not establish a property interest in his continued employment. *Id.* In affirming, the First Circuit noted that "successive, finite, temporary appointments . . ., by their very nature and terms, could not give rise to a legitimate expectation of continued employment once those appointments expired." *Id.* at 21 (internal quotation marks and citation omitted).

process protection under the federal constitution.

Further, it does not follow, as Ferlisi appears to argue, (*see* #17 at 6), that his "indefinite" appointment transmogrified his employment status into one supporting a legitimate expectation of continuing employment. Indeed, under Massachusetts law, the opposite generally holds true. *See, e.g., Jackson v. Action for Boston Community Development, Inc.*, 403 Mass. 8, 9, 525 N.E.2d 411, 412 (1988) ("As a general rule, where an employment contract, be it express or implied, contains no definite period of employment, it establishes employment at will . . . [which] is terminable . . . without notice, for almost any reason or for no reason at all."). Here, the civil service statutes vest the administrator[6] with authority to terminate a provisional appointment "at any time." Mass. Gen. L. ch. 31 § 14.[7] The statutes make clear that a provisional appointment is subject to end at anytime, so an appointee cannot have the requisite expectation of continued employment to establish a constitutionally protected property

---

[6] "Administrator" is defined as "the personnel administrator of the human resources division within the executive office for administration and finance." Mass.Gen.L. ch. 31 § 1.

[7] The statutes prohibit a provisional appointment from being "authorized, approved, or continued for more than thirty days following a certification from an eligible list if such list contains the names of three persons eligible for and willing to accept appointment to such position." Mass. Gen. L. ch. 31 § 14. That is to say, it was statutorily required that Ferlisi's appointment be terminated within thirty days if at least three qualified individuals had passed the civil service examination and were eligible for and willing to accept the position of Superintendent of Public Works of the City of Woburn. *See id.*; Mass.Gen.L. ch. 31 § 1 (defining "eligible list" as a list created by the administrator of people who passed the civil service examination).

interest.

Ferlisi also attempts to ground his "permanent" status in the Civil Service Requisition (Form 13) form appointing him Superintendent of Public Works; he points to the fact that the form designates the position's status as "permanent." By statutory definition, a "requisition" is simply "a request by an appointing authority to the administrator to certify names of persons for appointment to civil service positions." Mass. Gen. L. ch. 31 § 1. Although Ferlisi and perhaps McLaughlin might have hoped that Ferlisi attain the "permanent" status designated on the form, McLaughlin did not have the authority to supercede the Massachusetts civil service statutes conditioning permanent employee status upon the passing of a civil service exam. *See* Mass. Gen. L. ch. 31 §§ 1, 6. At most, the requisition form simply commenced a process through which Ferlisi might have ultimately achieved "permanent" status. Cf. *Roth*, 408 U.S. at 577 ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it.").

Because Ferlisi cannot establish that he had a constitutionally protected property interest in continued employment, his § 1983 claim for deprivation of his right to procedural due process must fail.

*2. Deprivation of Right to Protection of Reputation*

In Count I of his complaint, Ferlisi also alleges that Galvin deprived Ferlisi of his Fourteenth Amendment right to "the protection of [his] reputation." (#1, Complaint ¶ 22) This claim is based on the allegation that "[d]uring his mayoral campaign [Galvin] publically criticized Ferlisi claiming he lacked experience and repeatedly commented that Ferlisi's appointment was the 'ultimate act of nepotism.'" (#1, Complaint ¶ 17) Ferlisi fails to state a § 1983 claim of reputational injury at the threshold because Galvin was not acting under color of state law when he uttered the allegedly defamatory statements. The "acting under color of state law" element of a § 1983 action requires that a defendant "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted). According to the complaint, Galvin was merely a candidate for mayor at the time of the statements. The pleadings, viewed in the light most favorable to Ferlisi as the non-moving party, indicate that Galvin publically criticized him during his mayoral campaign, and that Galvin was subsequently elected Mayor in November of 2009. Ferlisi was not terminated until January 6, 2010. So while Galvin acted under color of state law in terminating Ferlisi, he was not

"clothed with the authority of state law" at the time that he uttered the statement. Thus, by necessity, the complaint fails to allege that the defamatory statements were uttered by a state official "'in the course of [Ferlisi's] termination of employment.'" *Laureano-Agosto v. Garcia-Caraballo*, 731 F.2d 101, 104 (1st Cir. 1984) (quoting *Paul v. Davis*, 424 U.S. 693, 710 (1976)); *see also Wojcik*, 300 F.3d at 103 (requiring that the defamatory impression of the employee be disseminated in connection with his discharge). For this reason alone, Ferlisi fails to state a §1983 claim.

*3. Deprivation of Right of Freedom of Association*

Ferlisi also asserts that his termination violated his constitutionally protected right of association based on the allegation that he was terminated "in retaliation for his association with the previous Mayor." (#1, Complaint ¶ 23) Galvin has not moved for judgment on the pleadings on this claim, and the claim therefore remains viable. Although the Court need not probe this claim further at this juncture, the Court sets out the legal principles underpinning this claim in order to focus the issues going forward.

"[T]he First Amendment . . . prohibits government officials from taking adverse employment action against a non-policymaking government employee based on the employee's political affiliation." *Welch v. Ciampa,* 542 F.3d 927, 938 (1st Cir. 2008). A plaintiff's lack of a constitutionally protected entitlement to continuing employment is immaterial to such a First Amendment claim. *See Rutan v. Republican Party of Illinois*, 497 U.S. 62, 72 (1990). "A prima facie case requires evidence that (1) the plaintiff and the defendant belong to opposing political affiliations; (2) the defendant has knowledge of the plaintiff's . . . affiliation; (3) . . . a challenged employment action [occurred]; and (4) . . . political affiliation was a substantial or motivating factor behind it." *Martinez-Velez v. Rey-Hernandez,* 506 F.3d 32, 39 (1st Cir. 2007) (internal

quotation marks and citations omitted).

*C. State Law Claims*

Galvin also seeks judgment on Ferlisi's state law claims of tortious interference with advantageous relations and intentional infliction of emotional distress (Counts II and III). Because one federal claim remains extant, and because the state-law claims arise out of the same set of facts on which that federal claim is based, the Court in its discretion prefers to decide the motion for summary judgment on a more fully developed record.

*IV. Conclusion and Order*

IT IS ORDERED that the Defendant Galvin's Motion for Judgment on the Pleadings (#12) be, and the same hereby is, ALLOWED to the extent that Ferlisi alleges in Count I a deprivation of federal rights to procedural due process and to protection of reputation under 42 U.S.C. § 1983, and otherwise DENIED. The Court shall set a scheduling conference.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

May 26, 2011.